**\*AMENDED ALD-133**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1200
_____

In re:  SANDRA RUMANEK,
                                                 Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1-17-cv-00123 & D. Del. Civ. No. 1-12-cv-00759)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 22, 2018
Before:  MCKEE, VANASKIE, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 3, 2018)
_____

OPINION*
_____

PER CURIAM

    Sandra Rumanek was the plaintiff in litigation under Title VII and the Americans

with Disabilities Act that she initiated against her former employer. By consent of the

parties, United States Magistrate Judge Sherry Fallon presided.[1] Judgment was ultimately

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Rumanek now claims that her "consent" was obtained by "deceit."

entered in favor of all defendants, and we affirmed. See Rumanek v. Indep. Sch. Mgmt., Inc., 619 Fed. App'x 71 (3d Cir. 2015), cert. denied 136 S. Ct. 847 (2016).

Thereafter, Rumanek sued Judge Fallon and various other persons connected in some way to either the aforementioned employment litigation or to a prior personal injury case Rumanek brought in Delaware state court (collectively, "Defendants"). Rumanek's operative pleading generally and repeatedly alleges that Defendants conspired to deprive her of her constitutional and civil rights and to effect a fraud on the court. The pleading reflects a particular focus on Judge Fallon, who before her appointment as a Magistrate Judge allegedly had served as defense counsel in Rumanek's personal injury case.

By order entered on January 11, 2018, the District Court, among other things: granted Rumanek's motion to amend her complaint (for the sixth time); granted Judge Fallon's motion to dismiss Rumanek's action against her with prejudice, on the basis of absolute judicial immunity; terminated the State of Delaware as a party (because Rumanek omitted it from her latest pleading); directed all remaining Defendants to either stand on their pending motions to dismiss earlier versions of Rumanek's complaint or file new motions; and barred Rumanek from amending her complaint any further. Despite the District Court's prohibition regarding further amendment, Rumanek subsequently filed four motions to amend her complaint. The District Court denied the first two motions (and struck them from the docket), and the other two are pending. In addition, the District Court relieved Defendants "of any obligation to respond to Rumanek's pending,

2

unauthorized motions or any future unauthorized motion filed thereby." The District Court has not yet adjudicated the remaining Defendants' motions to dismiss.

Rumanek now asks this Court to grant her a writ of mandamus, to amend her mandamus petition, and to appoint her counsel.[2] In her amended petition, Rumanek specifically requests, among other things, that this Court issue "an immediate Stay on further proceedings" in the litigation against Judge Fallon, et al., conduct de novo review of her pleadings and the District Court's January 11, 2018 order in that same litigation, and conduct de novo review of the District Court's order denying a post-judgment motion in the separate litigation against Rumanek's former employer. We decline to do any of those things at this time.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It is not a substitute for the appeal process, see Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991), which Rumanek is effectively trying to circumvent with her amended petition.[3] Furthermore, litigants may not use mandamus to

---

[2] The motion to amend is granted.

[3] We note for Rumanek's benefit that, contrary to her stated belief, the District Court's January 11, 2018 order, insofar as it dismissed all claims against Judge Fallon, would be reviewable by this Court after final judgment and a properly filed notice of appeal. As would be other interlocutory orders entered by the District Court. In addition, we note that the District Court's post-judgment order in the litigation against Rumanek's former employer, which she has appealed at CA No. 17-3639, will be addressed in due course and in the context of direct appellate (i.e., non-mandamus) review.

accelerate litigation unless a court's adjudication of an application for relief is so protracted as to amount to a failure to exercise jurisdiction, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), a standard which is not satisfied here. Cf. id. For those reasons, Rumanek's amended mandamus petition will be denied. Her motion for appointment of counsel is denied.